IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| HELENA CHEMICAL COMPANY and FEDERAL INSURANCE COMPANY | * * * | |
| Plaintiffs | * * | |
| V. | * * | NO: 4:11CV00691  SWW |
| JOHN BOSWELL SKINNER, JR., ET AL. | * * * | |
| Defendants | * * | |

## ORDER

Helena Chemical Company ("Helena") and Federal Insurance Company bring this action against former Helena employees John Boswell Skinner, Jr., Thomas Chris Coleman, Kurt Nelson Catlett, Adam Roll Catlett, and Wayne Norman Bass.  Before the Court is Defendant Kurt Nelson Catlett's motion to transfer this case to the Eastern (Helena) Division of this Court (docket entry #32), and Plaintiffs' response in opposition (docket entry #36).  For reasons that follow, the Court finds that the motion is premature and therefore denies the motion without prejudice.

Plaintiffs note, correctly, that in 1988 Congress eliminated divisional venue in civil cases. However, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The statute identifies three general categories of factors to

1

be considered when deciding a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See* 28 U.S.C. § 1404(a). Additionally, the Eighth Circuit has approved the consideration of "all relevant factors" in making a "case-by-case evaluation of the particular circumstances at hand." *Terra Intern., Inc. v. Mississippi Chemical Corp*., 119 F.3d 688, 691 (1997).

In support of his motion, the separate defendant states: "This matter concerns conduct alleged to have occurred in Phillips County, Arkansas or Monroe County, Arkansas. The defendants and witnesses in this matter primarily reside in Phillips County, Arkansas and Monroe County, Arkansas." Docket entry #33.   Plaintiffs point out that at this early stage in the case, no party has made disclosures regarding witnesses, and it cannot be ascertained whether the interests of convenience and justice require transfer to the Eastern Division.

IT IS THEREFORE ORDERED that Separate Defendant Kurt Nelson Catlett's motion to transfer (docket entry #32)  is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 27TH DAY OF OCTOBER, 2011.

/s/Susan Webber Wright  
UNITED STATES DISTRICT JUDGE