IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| HELENA CHEMICAL COMPANY and | * |
| FEDERAL INSURANCE COMPANY | * |
| | * |
| Plaintiffs | * |
| | * |
| V. | *    NO: 4:11CV00691   SWW |
| | * |
| JOHN BOSWELL SKINNER, JR., ET AL. | * |
| | * |
| | * |
| Defendants | * |

**ORDER**

Helena Chemical Company ("Helena") and Federal Insurance Company bring this action against former Helena employees John Boswell Skinner, Jr., Thomas Chris Coleman, Kurt Nelson Catlett, Adam Ross Catlett, and Wayne Norman Bass. Now before the Court are (1) Movants Ag Chem Direct, Inc. and David Johnston's motion to quash (docket entry #37) and Helena's response in opposition (docket entry #62); (2) Helena's motions to compel (docket entries #44, #45, #47, #48), Movants Ag Chem Direct, Inc. and David Johnston's responses in opposition (docket entries #51, #52, #53, #54), and Helena's reply (docket entry #57); and (3) Helena's motions for more definite statements of counterclaims (docket entries #38, #39, #40, #41, #42, #43) and Counter Claimants' responses in opposition (docket entries #58, #59, #60, #61). After careful consideration, and for reasons that follow, Movants' motion to quash is denied, Helena's motions to compel are granted, and Helena's motion for a more definite statement is denied.

Plaintiffs charge that Defendants engaged in various fraudulent schemes to appropriate

money and property belonging to Helena.  For example, it is alleged that during their employment with Helena, Separate Defendants Kurt Nelson Catlett and Adam Ross Catlett used Helena's computer system to create invoices for the sale of Helena's goods, which customers never ordered, and they credited customer accounts for the fabricated purchases.  According to the complaint allegations, "the brothers Catlett" personally sold the goods listed on the fictitious invoices, and they retained the proceeds.  It is further alleged that Defendants Skinner, Coleman, and Bass were complicit and in some or all of the Catlett brothers' fraudulent schemes.

Along with the complaint, Plaintiffs filed a motion for leave to conduct expedited discovery.  Among other things, Plaintiffs sought to subpoena banks that may possess safety deposit box logs, account statements, and images of checks and deposit tickets for Defendants and companies connected to Defendants.  The Court granted Plaintiffs permission to issue subpoenas to specific banks, including Simmons Bank and First Security Bank, both located in Searcy.  *See* docket entry #18.  Additionally, on October 4, 2011, the Court entered a protective order providing, among other things, that any material designated as confidential by a party or non-party shall by closely controlled and used only for purposes of this litigation.  *See* docket entry #22.

Plaintiffs subpoenaed First Security Bank and Simmons Bank for the production of account and safe-deposit documents for Defendants Bass, Coleman, and Skinner and non-parties Ag Chem Direct and Ag Chem Direct, Inc. (collectively, "Ag Chem").  *See* docket entry #37, Exs. A, B.  Additionally, Plaintiffs subpoenaed Ag Chem for the production of items including telephone records, advertising material, price sheets, employee rosters, and documents related to Ag Chem's purchases of goods from Defendants.  *See* docket entry #37, Ex. C.

**Ag Chem and David Johnston's  Motion to Quash and Helena's Motions to Compel**

Ag Chem and David Johnston, the owner of Ag Chem, move to quash the aforementioned subpoenas.  In support of their motion, Movants asserts that Ag Chem is Helena's business competitor and that the documents requested include Ag Chem's customer information "that would harm [Ag Chem] if in the hands of Plaintiff or Counsel."  Docket entry #37, at 2.

In response, Helena asserts that Ag Chem has failed to demonstrate how the protection afforded under the Court's protective order is insufficient.   Additionally, Helena reports that there is no present dispute between the parties with respect to items sought under the subpoena served upon Ag Chem.  *See* docket entry #63, Ex. #3.  However, a dispute remains regarding records subpoenaed from Simmons Bank and First Security Bank, and Helena asks the Court to compel production of these records.

In support of its motions to compel, Helena presents a copy of an affidavit by Johnston, which he voluntarily provided to Helena's counsel.  *See* docket entry #44, Ex. #11.  Johnston testifies that Defendant Skinner approached him in 2008 and asked whether he would be interested in "purchasing free goods that Helena Chemical had acquired from several different chemical representatives."  *Id*., ¶ 2. Johnston sates that he "purchased a few items in 2008, nothing in 2009, several items in 2010, and very few in 2011, as evidenced by checks written." *Id*., ¶ 3.  Johnston testifies that he wrote checks to "Johnny Skinner, JBS, Helena Chemical, Chris Coleman, and Catlett as instructed by Johnny Skinner." *Id*., ¶ 7.  Attached to Johnston's affidavit are checks payable to Johnny Skinner, Chris Coleman, Kurt Catlett, Adam Catlett, JBS Agri Solutions, Inc., and Helena Chemicals, which are drawn on Ag Chem's accounts at First

Security and Simmons.

Helena also provides copies of letters from counsel for Simmons Bank and First Security Bank, objecting to the disclosure of documents sought under Helena's subpoenas. *See* docket entry #47, Ex. #11; docket entry #44, Ex. #12. Counsel for Helena responded to the letters, noting the protective order entered in this case. *See* docket entry #47, Ex. #12; docket entry #44, Ex. #13. Furthermore, in an effort to allay concerns regarding revelation of Ag Chem customers, Helena also excused the banks from producing deposit tickets, items of deposit that comprise a given deposit transactions, and any other documents associated with items of deposit. *Id*.

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure gives the issuing court discretion to quash or modify a subpoena that requires the disclosure of privileged or protected matter or that subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii)-(iii). Here, as revealed by Johnston's affidavit and checks attached thereto, the documents sought from Simmons Bank and First Security Bank are certainly relevant to Plaintiffs' claims and may lead to the discovery of admissible evidence. Furthermore, the Court finds that the movants have failed to show that the subpoenas in question require disclosure of privileged or protected matter. The motion to quash will be denied, and Helena's motions to compel will be granted.

### Helena's Motions for More Definite Statements of Counterclaims

Along with their answers, Defendants Skinner, Kurt Nelson Catlett, and Adam Ross Catlett filed counterclaims against Helena, seeking relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). The counter claimants also seek relief under breach of contract, promissory estoppel, and unjust enrichment theories. In their pleadings, counter

claimants allege they are entitled to bonuses under Helena's benefit plan.

Helena asserts that Defendants' counterclaims are largely unintelligible, and the counter claimants respond that their pleadings are sufficient to provide notice of their claims. Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may move for a more definite statement before interposing a responsive pleading when a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). A motion under Rule 12(e) is designed to remedy unintelligible pleadings and should not be granted where, as in this case, the information sought is not necessary to form a responsive pleading and can be gained by other means. Helena's motions for more definite statements of counterclaims will be denied.

IT IS THEREFORE ORDERED that Movants Ag Chem Direct, Inc. and David Johnston's motion to quash (docket entry #37) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Helena Chemical Company's motions to compel (docket entries #44, #47) are GRANTED. Simmons First Bank and First Security Bank are hereby ordered to produce, within fourteen (14) days from the entry date of this order, documents sought by Helena's subpoenas, with the exception of documents delineated in counsel's letters dated October 20 and 26, 2011. *See* docket entry #47, Ex. #12; docket entry #44, Ex. #13.

IT IS FURTHER ORDERED that Plaintiff Helena Chemical Company's motions for more definite statements of counterclaims (docket entries #38, #40, #42) are DENIED.

IT IS SO ORDERED THIS 26TH DAY OF JANUARY, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE