IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| HELENA CHEMICAL COMPANY and FEDERAL INSURANCE COMPANY | * * * | |
| Plaintiffs | * * | |
| V. | * * | NO: 4:11CV00691   SWW |
| JOHN BOSWELL SKINNER, JR., ET AL. | * * * | |
| Defendants | * * | |

## ORDER

    Helena Chemical Company ("Helena") and Federal Insurance Company bring this action against former Helena employees John Boswell Skinner, Jr., Thomas Chris Coleman, Kurt Nelson Catlett, Adam Ross Catlett, and Wayne Norman Bass.  Plaintiffs charge that Defendants engaged in various fraudulent schemes to appropriate money and property belonging to Helena.[1]  Before the Court are motions to stay the case by separate defendants Skinner (docket entries #90, #91), Adam Ross Catlett (docket entry #92), Kurt Nelson Catlett (docket entries #93, #94), and Bass (docket entries #95, #96) and Plaintiffs' joint response in opposition to a stay (docket entry #97).  After careful consideration, and for reasons that follow, the motions requesting a

---

[1] For example, it is alleged that during their employment with Helena, Separate Defendants Kurt Nelson Catlett and Adam Ross Catlett used Helena's computer system to create invoices for the sale goods, which belonged to Helena, that customers never ordered, and they credited customer accounts for the fictitious purchases.  According to the complaint allegations, "the brothers Catlett" personally sold the goods listed on the fictitious invoices, and they retained the proceeds.  It is further alleged that Defendants Skinner, Coleman, and Bass were complicit and in some or all of the Catlett brothers' fraudulent schemes.

stay will be denied.

In support of their motions, separate defendants Skinner, Kurt Nelson Catlett, Adam Ross Catlett, and Bass report that there is an ongoing criminal investigation regarding the complaint allegations and that information has been submitted to the United States Attorney and the Federal Bureau of Investigation. The separate defendants assert that discovery and trial of this matter should be stayed "pending anticipated criminal charges."

Plaintiffs respond that they are not aware of any formal criminal proceedings against Defendants, and they assert that the threat of criminal prosecution is wholly speculative. However, Helena acknowledges that it has turned over evidence of Defendants' alleged misconduct to "governmental authorities." *See* docket entry #97, at 2 n.1.

The Fifth Amendment of the Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. AMEND V. In addition to protecting an individual against compelled testimony in a criminal case, the Fifth Amendment privilege against self-incrimination permits him to decline answering questions put to him in a civil proceeding when the answer might incriminate him in a future criminal proceeding. *See Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S. Ct. 316, 322 (1973). However, even when formal criminal proceedings have been initiated, the Fifth Amendment ordinarily does not require a stay of related civil proceedings. *See Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993).

A stay of a civil case until factually related criminal proceedings are concluded is sometimes warranted, but to justify a stay, a defendant must make a "strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by

selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823. Here, the separate defendants state only that they are in the position of choosing either to invoke their Fifth Amendment right against self-incrimination or defend themselves against Plaintiffs' claims. No criminal charges have been filed, and Defendants are unable at this time to make the strong showing required for a stay based on interference with Fifth Amendment rights.

A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases, and a stay might by justified by considerations that do not require the recognition of any constitutional right. *See Clinton v. Jones*, 520 U.S. 681, 707, 117 S.Ct. 1636, 1650 (1997). However, the proponent of a stay bears the burden of establishing his need, *see id.*, and the predicament of choosing between testifying or asserting Fifth Amendment privilege, without more, does not justify a stay. Furthermore, Plaintiffs' legitimate interest in proceeding with this civil litigation[2] and the Court's interest in managing its docket based on known circumstances, rather than events than may never occur, weigh against a stay at this time.

IT IS THEREFORE ORDERED that separate defendants' motions to stay this case (docket entries #90, #92, #93, #95) are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED the separate defendants' motions for an extension of time in which to answer or otherwise respond to Plaintiffs' second amended complaint (docket entries #100, #101, #103) are GRANTED. Defendants have up to and including seven (7) days from the

---

[2]Plaintiffs assert that delaying the proceedings would allow Defendants to dissipate "the ill-gotten gains they have allegedly taken a Plaintiffs' expense." Docket entry #97, at 7. Additionally, Plaintiffs note that a delay would create a danger of witness relocation, fading memories, and the loss of evidence.

selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823. Here, the separate defendants state only that they are in the position of choosing either to invoke their Fifth Amendment right against self-incrimination or defend themselves against Plaintiffs' claims. No criminal charges have been filed, and Defendants are unable at this time to make the strong showing required for a stay based on interference with Fifth Amendment rights.

selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823. Here, the separate defendants state only that they are in the position of choosing either to invoke their Fifth Amendment right against self-incrimination or defend themselves against Plaintiffs' claims. No criminal charges have been filed, and Defendants are unable at this time to make the strong showing required for a stay based on interference with Fifth Amendment rights.

A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases, and a stay might by justified by considerations that do not require the recognition of any constitutional right. *See Clinton v. Jones*, 520 U.S. 681, 707, 117 S.Ct. 1636, 1650 (1997). However, the proponent of a stay bears the burden of establishing his need, *see id.*, and the predicament of choosing between testifying or asserting Fifth Amendment privilege, without more, does not justify a stay. Furthermore, Plaintiffs' legitimate interest in proceeding with this civil litigation[2] and the Court's interest in managing its docket based on known circumstances, rather than events than may never occur, weigh against a stay at this time.

IT IS THEREFORE ORDERED that separate defendants' motions to stay this case (docket entries #90, #92, #93, #95) are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED the separate defendants' motions for an extension of time in which to answer or otherwise respond to Plaintiffs' second amended complaint (docket entries #100, #101, #103) are GRANTED. Defendants have up to and including seven (7) days from the

---

[2] Plaintiffs assert that delaying the proceedings would allow Defendants to dissipate "the ill-gotten gains they have allegedly taken a Plaintiffs' expense." Docket entry #97, at 7. Additionally, Plaintiffs note that a delay would create a danger of witness relocation, fading memories, and the loss of evidence.

selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823. Here, the separate defendants state only that they are in the position of choosing either to invoke their Fifth Amendment right against self-incrimination or defend themselves against Plaintiffs' claims. No criminal charges have been filed, and Defendants are unable at this time to make the strong showing required for a stay based on interference with Fifth Amendment rights.

A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases, and a stay might by justified by considerations that do not require the recognition of any constitutional right. *See Clinton v. Jones*, 520 U.S. 681, 707, 117 S.Ct. 1636, 1650 (1997). However, the proponent of a stay bears the burden of establishing his need, *see id.*, and the predicament of choosing between testifying or asserting Fifth Amendment privilege, without more, does not justify a stay. Furthermore, Plaintiffs' legitimate interest in proceeding with this civil litigation[2] and the Court's interest in managing its docket based on known circumstances, rather than events than may never occur, weigh against a stay at this time.

IT IS THEREFORE ORDERED that separate defendants' motions to stay this case (docket entries #90, #92, #93, #95) are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED the separate defendants' motions for an extension of time in which to answer or otherwise respond to Plaintiffs' second amended complaint (docket entries #100, #101, #103) are GRANTED. Defendants have up to and including seven (7) days from the

---

[2] Plaintiffs assert that delaying the proceedings would allow Defendants to dissipate "the ill-gotten gains they have allegedly taken a Plaintiffs' expense." Docket entry #97, at 7. Additionally, Plaintiffs note that a delay would create a danger of witness relocation, fading memories, and the loss of evidence.

entry date of this order in which to answer or respond to the second amended complaint.  If Defendants require additional time, they may file a motion.

  IT IS SO ORDERED THIS 27TH DAY OF APRIL, 2012.

                /s/Susan Webber Wright
                UNITED STATES DISTRICT JUDGE