IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| HELENA CHEMICAL COMPANY and FEDERAL INSURANCE COMPANY | * * * | |
| Plaintiffs | * * | |
| V. | * * | NO: 4:11CV00691   SWW |
| JOHN BOSWELL SKINNER, JR., ET AL. | * * * | |
| Defendants | * * | |

## ORDER

Helena Chemical Company ("Helena") and Federal Insurance Company bring this action against former Helena employees John Boswell Skinner, Jr., Thomas Chris Coleman, Kurt Nelson Catlett, Adam Roll Catlett, and Wayne Norman Bass.  Before the Court are Helena's motions to compel separate defendants Myron Bass ("Bass") and Kurt Nelson Catlett ("Catlett") to respond requests for admissions (docket entries #121, #122, #123, #124) and Bass's and Catlett's  responses in opposition (docket entries #136, #127, #128, #129).  After careful consideration, and for reasons that follow, the motions to compel are denied.

In this case, Plaintiffs charge that Defendants engaged in various fraudulent schemes to appropriate money and property belonging to Helena.  Helena served requests for admissions upon Bass and Catlett, requesting that the separate defendants admit that their handwritten signatures appear on various employment-related documents.   In separate responses, Bass and Catlett asserted their Fifth Amendment right against self-incrimination.

Helena asks the Court to order Bass and Catlett to answer the requests for admissions.

Under Rule 36(a)(6) of the Federal Rules of Civil Procedure, a party may move to determine the sufficiency of an answer or objection, and unless the court finds an objection justified, it must order that an answer be served. *See* Fed. R. Civ. P. 36(a)(6).

Helena acknowledges that the privilege against self incrimination may be asserted in response to discovery requests in a civil proceeding, but it argues that a "blanket" refusal to answer requests by invoking the privilege is improper. Helena further asserts that given the content of its requests for admissions, separate defendants' invocation of the privilege is not justified. Helena contends that Bass and Catlett lack reasonable cause to apprehend that admitting or denying their handwritten signatures on employment-related documents would support a conviction or provide a link in the chain of evidence to prosecute them for a crime. Helena notes that Rule 36(b) of the Federal Rules of Civil Procedure provides: "An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b).[1]

The Fifth Amendment of the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. AMEND V. In addition to protecting an individual against compelled testimony in a criminal case, the Fifth Amendment privilege against self-incrimination permits him to decline answering questions put to him in a civil proceeding when the answer might incriminate him in a future criminal

---

[1]Helena also argues that handwriting exemplars have generally been held to be outside the protection of the Fifth Amendment. Requiring a criminal defendant to give a handwriting exemplar and introducing samples of the defendant's handwriting at trial do not violate the Fifth Amendment privilege against self-incrimination. *See United States v. McDougal,* 137 F.3d 547, 559 -560 (8th Cir. 1998)(citation omitted). "The handwriting itself (as opposed to the content of a written statement) is physical, not testimonial evidence." *Id.* Here, however, Helena is asking the separate defendants to acknowledge that certain documents bear their signatures.

proceeding.  *See Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S. Ct. 316, 322 (1973).  In reviewing the validity of the invocation of privilege in a particular case, "'it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.'" *Capitol Products Corp. v. Hernon*, 457 F.2d 541, 542 (8th Cir.1972)(quoting *Hoffman v. United States*, 341 U.S. 479, 487, 71 S.Ct. 814, 81 (1951)).  Additionally, the risk of self-incrimination must be "substantial and real." *Id*. (citation omitted).

Previously, Helena acknowledged that it has turned over evidence of Defendants' alleged misconduct to "governmental authorities." *See* docket entry #97, at 2 n.1.  Additionally, Helena alleges in the complaint that Defendants' fraudulent schemes including creating fraudulent invoices.  Given the content of the request for admissions, the nature of Helena's claims, and the threat of future criminal proceedings , the Court finds that a responsive answer to Helena's request or a more detailed assertion of the privilege would pose a substantial and real risk of self-incrimination.  Accordingly, the Court finds that the separate defendants' invocation of the privilege was justified, and the Court will not order that answers be served.

IT IS THEREFORE ORDERED that Plaintiff's motions to compel (docket entries #121, #123) are DENIED.

IT IS SO ORDERED THIS 5TH DAY OF SEPTEMBER,  2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE